**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RENAIRE LEWIS | |
| Appellant | No. 1606 EDA 2015 |

Appeal from the Judgment of Sentence May 20, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007008-2014

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 11, 2016**

Appellant, Renaire Lewis, appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas, following his conviction of driving under the influence ("DUI")—high rate of alcohol.[1]  We affirm.

The trial court sets forth the relevant facts of this case as follows:

> On July 19, 2014 at approximately 3:00 a.m., Lower Pottsgrove Police Sergeant Robert Greenwood ("Sgt. Greenwood"), a thirty year veteran of the force, was investigating a vehicle ("Vehicle 1") stopped on Buchert Road which was blocking the westbound travel lane. During his investigation, Sgt. Greenwood heard a second vehicle driven by Appellant, accelerating towards him in the westbound lane.  Sgt. Greenwood attempted to alert

_____

[1] 75 Pa.C.S.A. § 3802(b).

_____

*Retired Senior Judge assigned to the Superior Court.

Appellant of the danger by waving his flashlight, but Appellant continued to accelerate toward the obstruction caused by Vehicle 1. Eventually, Appellant slammed on his brakes causing his tires to screech. As Appellant decelerated, he swerved into the eastbound lane of Buchert Road in order to avoid colliding with Sgt. Greenwood or Vehicle 1.

After Appellant came to a complete stop, Sgt. Greenwood approached Appellant's vehicle and immediately observed an unusual number of air fresheners throughout the interior of Appellant's vehicle. Sgt. Greenwood then ordered Appellant to back up and park behind [Sgt. Greenwood's] unmarked patrol car.

Upon speaking with Appellant, Sgt. Greenwood noticed that Appellant had glassy, blood-shot eyes and slurred speech. Sgt. Greenwood then noted a strong odor of alcohol emanating from Appellant's person. Sgt. Greenwood requested that Appellant perform field sobriety tests. Appellant's poor performance on the field sobriety tests confirmed Sgt. Greenwood's suspicion that Appellant was [DUI]. Appellant was then placed under arrest.

(Trial Court Opinion, filed 7/29/15, at 1-2).

Procedurally, on October 21, 2014, the Commonwealth charged Appellant with DUI—general impairment, DUI—high rate of alcohol, failure to drive vehicle at safe speed, and failure to drive on roadways laned for traffic. On February 4, 2015, Appellant filed a motion to suppress the evidence of DUI, in which he alleged that Sgt. Greenwood illegally stopped Appellant's vehicle. After a hearing on April 15, 2015, the court denied Appellant's motion to suppress. On May 20, 2015, Appellant proceeded to a stipulated bench trial; and the court found Appellant guilty of DUI—high rate of alcohol. That same day, the court sentenced Appellant to a term of forty-eight (48)

hours to six (6) months' imprisonment. On May 27, 2015, Appellant timely filed a notice of appeal. On May 29, 2015, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on June 16, 2015.

Appellant raises one issue for our review:

> WHETHER THE TRIAL COURT ERRED IN DENYING [APPELLANT'S] MOTION TO SUPPRESS[?]

(Appellant's Brief at 5).

Appellant argues Sgt. Greenwood merely possessed reasonable suspicion that Appellant violated 75 Pa.C.S.A. § 3361 (driving vehicle at safe speed) when Sgt. Greenwood initiated the traffic stop. Appellant maintains Sgt. Greenwood needed probable cause to stop Appellant because a traffic stop for failure to drive vehicle at safe speed does not serve an investigatory purpose. Appellant contends Sgt. Greenwood's testimony that he initiated the traffic stop to investigate a possible motor vehicle violation establishes that Sgt. Greenwood lacked the probable cause necessary to stop Appellant for a violation of Section 3361. Appellant asserts the Commonwealth's failure to introduce evidence of Appellant's speed and the road conditions further demonstrates that Sgt. Greenwood lacked probable cause to stop Appellant. Appellant concludes the traffic stop of Appellant without probable cause was unlawful and violated his right against unreasonable searches and seizures, and this Court should vacate his conviction. We disagree.

Our standard of review of the denial of a motion to suppress evidence is as follows:

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous. Where…the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on [the] appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the [trial court are] subject to…plenary review.

*Commonwealth v. Hoppert*, 39 A.3d 358, 361-62 (Pa.Super. 2012), *appeal denied*, 618 Pa. 684, 57 A.3d 68 (2012).

The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect citizens from unreasonable searches and seizures. *Commonwealth v. Carter*, 105 A.3d 765, 768 (Pa.Super. 2014) (*en banc*), *appeal denied*, ___ Pa. ___, 117 A.3d 295 (2015). "While warrantless seizures such as a vehicle stop are generally prohibited, they are permissible if they fall within one of a few well-delineated exceptions." *Commonwealth v. Brown*, 606 Pa. 198, 204, 996 A.2d 473, 476 (2010). One such exception allows police officers to detain

- 4 -

drivers for a brief investigation when they possess reasonable suspicion that a violation of the vehicle code has taken place. *Id.* at 204, 996 A.2d at 477. *See also* 75 Pa.C.S.A. § 6308(b).

Importantly, "[t]raffic stops based on reasonable suspicion: either of criminal activity or a violation of the Motor Vehicle Code under the authority of Section 6308(b) must serve a stated investigatory purpose." *Commonwealth v. Feczko*, 10 A.3d 1285, 1291 (Pa.Super. 2010), *appeal denied*, 611 Pa. 650, 25 A.3d 327 (2011). "Mere reasonable suspicion will not justify a vehicle stop when the driver's detention cannot serve an investigatory purpose relevant to the suspected violation." *Id.* "Where a vehicle stop has no investigatory purpose, the police officer must have probable cause to support it." *Commonwealth v. Enick*, 70 A.3d 843, 846 (Pa.Super. 2013), *appeal denied*, 624 Pa. 671, 85 A.3d 482 (2014). "Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the [stop], and of which he has reasonably trustworthy information, are sufficient to warrant a [person] of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Thompson*, 604 Pa. 198, 203, 985, A.2d 928, 931 (2009). "Probable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference." *Commonwealth v. Lindblom*, 854 A.2d 604, 607 (Pa.Super. 2004), *appeal denied*, 582 Pa. 672. 868 A.2d 1198

(2005).

Section 3361 of the Pennsylvania Motor Vehicle Code sets forth the offense of driving vehicle at safe speed as follows:

**§ 3361. Driving vehicle at safe speed**

No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

75 Pa.C.S.A. § 3361. Significantly, "[i]f a vehicle is stopped for speeding, the officer must possess probable cause to stop the vehicle." *Commonwealth v. Salter*, 121 A.3d 987, 993 (Pa.Super. 2015). A police officer must possess probable cause to stop a vehicle for a speeding violation because nothing more can be determined regarding the violation once the vehicle is stopped. *Id.*

Instantly, the trial court reasoned as follows:

Here, Sgt. Greenwood was conducting an investigation, and while doing so, noticed Appellant's vehicle coming towards him. Sgt. Greenwood estimated that Appellant was traveling approximately fifteen miles per hour over the posted speed limit. Sgt. Greenwood attempted to grab Appellant's attention by waving his flashlight, but was unable to do so. Appellant then crossed over the center yellow line in order to narrowly avoid striking the vehicle

- 6 -

obstructing his lane of travel. Due to Appellant's high rate of speed and his inability to safely navigate the obstacle in the roadway, Sgt. Greenwood stopped him for failing to drive at a safe speed. Accordingly, this [c]ourt found that Sgt. Greenwood had probable cause to stop Appellant for violating [75 Pa.C.S.A.] § 3361.

(Trial Court Opinion, filed 7/29/15, at 4). The record supports the trial court's sound reasoning. **See Hoppert, supra**.

Further, after Sgt. Greenwood initiated the traffic stop, he observed that Appellant's eyes were glassy and bloodshot, Appellant's speech was slurred, Appellant smelled of alcohol, and there were an unusual number of air fresheners in Appellant's car. Sgt. Greenwood subsequently removed Appellant from the vehicle and performed sobriety tests, which Appellant failed. Based on these observations of Appellant, Sgt. Greenwood concluded probable cause existed to arrest Appellant for violation of 75 Pa.C.S.A. § 3802. **See Commonwealth v. Hilliar**, 943 A.2d 984 (Pa.Super. 2008), *appeal denied*, 598 Pa. 763, 956 A.2d 432 (2008) (holding probable cause existed to arrest driver for DUI where driver smelled of alcohol and his speech was slurred). Thus, neither the traffic stop nor Appellant's subsequent arrest for DUI violated Appellant's constitutional rights; and the trial court properly denied Appellant's motion to suppress the evidence of DUI. **See Hoppert, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/11/2016